[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this action seeks a dissolution of marriage, joint custody of two minor children, visitation, and a division of property. Both parties were present at trial and represented by able counsel.
The Court makes the following findings and orders in accordance with Sections 46b-40, et seq., of the Conn. Gen. Statutes. The parties were intermarried on April 10, 1976 in Hazardville, Connecticut and the plaintiff has lived continuously in this State for at least one year next prior to the filing of the complaint. There are two minor children issue of the marriage; to wit: Joseph R. Palazzo, Jr. born January 15, 1978, and Jennifer Palazzo, born October 22, 1982. Neither the State of Connecticut nor any municipal agency is contributing to the support of the plaintiff or said minor children.
The parties have been living separately since August, 1988. The marriage had broken down irretrievably and there CT Page 5199 is no hope for reconciliation.
The marriage is ordered dissolved on the grounds of irretrievable breakdown.
Custody: The parties shall have joint custody of the minor children. Their primary residence shall be with the defendant wife.
Visitation: The plaintiff husband shall have reasonable rights of visitation, which shall include:
a. Every other weekend from Friday at 6:30 p.m. until Sunday at 5:30 p.m. The parties shall alternate legal federal holidays except for Christmas. If the federal holiday falls on a Monday following a scheduled visitation weekend, the visitation shall be extended to 5:30 p.m. of that Monday. On other scheduled legal holidays, visitation shall be from 9:30 a.m. to 8:00 p.m. unless otherwise provided.
b. Every Wednesday from 4:30 p.m. to 7:30 p.m.
c. Christmas Eve from not later than 4:30 p.m. until 10:30 p.m. and Christmas Day from 2:00 p.m. to 8:00 p.m.
d. The wife shall have the children on Mother's Day (from 10:00 a.m. if it is a scheduled visitation weekend). The husband shall have the children on Father's Day (from 10:00 a.m. to 7:00 p.m. if it is not a scheduled visitation day).
e. Two weeks during summer school vacation, either together or in two separate weeks at the husband's option, said vacation to begin Friday at 6:30 p.m. and end on Sunday at 8:00 p.m. He shall provide the wife with at least four weeks notice of summer vacation plans.
f. In the event the husband is deprived of any of the aforesaid visitation, he shall have the right to make up said visitation upon two weeks notice to the wife. This right shall not apply if the husband elects not to exercise a schedule visitation.
Support: The husband shall pay child support in the amount of $50.00 per week per child for a total of $100.00 per week, to be enforced by an immediate garnishment of wages. (While this amount falls below guidelines, the Court considered other orders herein in determining child support).
Alimony: Alimony is not awarded to either party. CT Page 5200
Medical Insurance: The wife shall provide medical insurance for the benefit of the minor children as long as it is available through her employment. The parties shall be equally responsible for the cost of uninsured medical, dental, ophthalmologist and psychological or psychiatric expenses. In the event employer provided medical insurance is no longer available to the wife, she shall immediately notify the husband, who shall provide said coverage if it is available through his employment. This order is entered subject to the provisions of Section 46b-84(c) of the Conn. Gen. Stat.
Division of Assets: The principal asset of the parties is jointly owned real estate known as 164 Mountain View Road in Somers, Connecticut. It consists of a single family ranch style dwelling and some 4.7 acres of land. The plaintiff has submitted a written appraisal dated June 7, 1990 in the amount of $180,000.00, however a Somers real estate broker testified at trial that property values have decreased as much as 50% over the past two years; and she appraised the property at $140,000 to $145,000, plus $5,000.00 to $8,000.00 for the excess acreage if it is not a buildable extra lot.
The Court cannot conclude there is a building lot to be carved out of the acreage. The plaintiff requests that the Court, in effect, partition the property and award him a piece of some 2.1 acres, leaving the defendant with the house and 2.6 acres. Any instruments relating to the property describe it as one parcel; it is mortgaged as one parcel, and other liens apply to the entire property. The Court declines to arbitrarily divide or partition it.
The Court finds the fair market value of the property to be $150,000.00. There was testimony from a real estate broker, Sally Roche, to that effect. Further, on January 22, 1991 this Court (Scheinblum, J.) found the fair market value to be $135,000.00 (Plaintiff's exhibit 22).
The parties, after marrying in 1976, rented two apartments until October 1979 when they leased the property involved here from the defendant's grandfather for $200.00 per month. The grandfather died shortly thereafter leaving his estate (which included said property) to the defendant and her three sisters. In December 1981, the parties purchased the property from the Estate for $68,800.00 — which was three fourths of its value — reflecting that the defendant had a one-fourth interest. Using her inheritance the defendant supplied $31,000.00 as a cash down payment, and two of the sisters each took $3,500.00 less than they were entitled to receive out of the distribution with the understanding that they would be repaid eventually if the CT Page 5201 property were sold or the parties could otherwise afford to pay them. The property was, therefore, obtained through the defendant's inheritance. The plaintiff claims he enhanced the value by "sweat equity" in landscaping, painting, repairs, wiring the barn, well repairs, a deck, carpeting, fencing, and other items. He estimates the value of his labor and material to be $35,000 to $40,000.
The defendant has been generally working outside the home on at least a part-time basis since 1982 or 1983. In 1985 or 1986, the plaintiff lost his job as a baker and in May 1986, they sold Shaker furniture which the defendant also inherited for approximately $10,000.00 (the defendant's share). In 1987, they refinanced the mortgage in order to pay off accruing debts. Money was becoming a problem in the marriage, as was what might be described as a growing apart of the parties. Neither is blameless for the breakdown and the Court ascribes substantial fault to each party.
The property has a present first mortgage of $64,000.00, plus approximately $5,000.00 still owing to the F.H.A. from the original mortgage. The defendant also had to borrow to redeem on a foreclosure action.
The Court does not accept the sweat equity figure which the plaintiff claims, and points out that there is sweat equity involved also in the raising of two children while working, if only on a part time basis. There was no persuasive evidence that his work around the property substantially enhanced its value, or by what amount if it did.
The plaintiff is also in arrears in his child support in the approximate amount of $2,000.00.
In weighing all the equities, including, inter alia, the defendant's inability to pay more than a relatively modest child-support, the amount of the arrearage in support, the cost of carrying medical insurance to the defendant, her contributions, both financial and in maintaining the household for a husband and two children, and her continuing primary support obligations, there is no reason the Court finds to award the plaintiff any interest in the marital home. The plaintiff therefore shall quit claim any interest he may have in the property known as 164 Mountain View Drive, Somers.
Other: The plaintiff shall be responsible for any sums owed to Clifford Nelson, Attorney Van Starkweather and Attorney Louis Keifer and shall hold the defendant harmless therefrom.
The State of Connecticut Judgment Lien shall be the CT Page 5202 responsibilities of the Defendant (for welfare payment she received in the approximate amount of $340.00).
Counsel Fee: Each party is responsible for his or her own counsel fees.
Personal Property:
Living Room Set (owned by the plaintiff's father before the marriage) shall be the property of the plaintiff.
Bedroom Set (owned by the plaintiff before the marriage) shall be the property of the plaintiff.
Defendant's grandfather's antique rocker shall be the property of the defendant.
All other household furnishings and equipment shall be the property of the defendant.
Debts: Debts listed on the defendant's financial affidavit shall be her responsibility except for those to Van Starkweather, Esq., Louis Keiffer, Esq. and Clifford Nelson. Debts listed on the plaintiff's financial affidavit shall be the responsibility of the plaintiff, except for the bills to Continental Cable and SNET Co., which shall be the defendant's responsibility.
HON. LAWRENCE KLACZAK, J. SUPERIOR COURT JUDGE